Roderick Causey
3126 E. Marrygrove Street
West Covina California [ 91792]
Tel:  951-233-0805

Plaintiff
RODERICK CAUSEY

FILED
CLERK, U.S. DISTRICT COURT

SEP - 1 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## ι Western ∧  DISTRICT OF CALIFORNIA

RODERICK CAUSEY,

        Plaintiff,

    Vs.

ENHANCED RECOVERY COMPANY
LLC; and DOES 1-10, inclusive,

        Defendants.

CV 15 - 06687 - MWF (JEM x)

CASE NO.

**COMPLAINT FOR**

1- **WILLFUL VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. §1681n *ET SE.Q***
2- **NEGLIGENT VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. §1681o *ET SEQ.***
3- **VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNIA CIVIL CODE §1785 *ET SEQ.***
4- **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.***
5- **VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE 1788 *ET SEQ.***
6- **Tax fraud cheating the US on a accord account**
7- **US Code title 18 Section 1341 and 1342 Mail Fraud**

**DEMAND FOR JURY TRIAL**

1. **15 U.S.C. § 1681**
2. **15 U.S.C. § 1682**

1

Plaintiff ROERICK CAUSEY("Plaintiff"), Brings his Complaint against ENHANCED RECOVERY COMPANY LLC, and DOES 1-10 (hereinafter "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.      Congress enacted the FCRA in 1970 to establish consumer rights to privacy over their credit and financial information and to ensure the *"accuracy and fairness of credit reporting."* 15 U.S.C. § 1681. (Emphasis Added)

2.      The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(a)(4) reads in relevant part: "there is a need to insure that consumer credit reporting agencies exercise their *grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy*." (Emphasis Added)

3.      The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. § 1681(b) reads in relevant part: "It is the purpose of this title to **require** that consumer reporting agencies adopt *reasonable procedures* for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." (Emphasis Added)

4.      The FCRA regulates credit reporting agencies as well as creditors, collection agencies, and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. SEE EXHIBIT A

5.      15 U.S.C. §1681n(a) and §1681o(a), create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit.  In *DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M. 2000) the court confirmed that *"...the plain language of [15 U.S.C. § 1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute...there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information." DiMezza v. First USA Bank, Inc.,* 103 F. Supp.2d 1296, 1300 (D.N.M.

2000). (Emphasis Added)

6.     The FDCPA was enacted in 1977 in order to regulate the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

7.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the *"least sophisticated"* consumer. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). *This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd…the ignorant, the unthinking and the credulous."* Clomon v. Jackson 988 F. 2d 1314, 1318-19 (2nd Cir. 1993). (Emphasis Added)

8.     To prohibit deceptive practices the FDCPA at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct.  15 U.S.C. § 1692 e(1)-(16).

9.     To prohibit harassment and abuses by debt collectors, the FDCPA at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

///

10.     The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

11.     California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code § 1785 .25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

13.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19.

14.     California Civil Code §1785.11(a), describe the permissible purpose for which a person may obtain a consumer report. Such permissible purposes as described by the California Civil Code §1785.1(a) is generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

15.     *Sanai v. Saltz, et al.*, (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may re-plead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected

creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims.

16.     Defendant Attorneys must remember they too are officers of the courts, administrators of justice, oath-bound servants of society; that their first duty is not to their clients, as many suppose, but is to the administration of justice; that their clients success is wholly subordinate; U.S. v Frank 53 F. 2d 129 in case of conflict between attorney's duty to the client and that to court, his duty to the court must prevail State v Barto 232 N. W. 553, 202 Wis. 329. Most will but down their duty ABA RPC Rules and accompanying Ethics Rules Judicial Canons mal- practice insurance to make a fast buck (emphasis added)

## **PRIVATE RIGHT OF REMEDY**

17.     15 U.S.C. § 1681n and § 1681o refer to consumer' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with any provisions of the FCRA.

18.     15 U.S.C. §1692k(a) state that "…any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person"

19.     California Civil Code §1785.19 states that "In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty…"

20.     California Civil Code §1788.30(f) states that "Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation."

21.     *Gorman v. MBNA America Bank, N.A.* No. 06-17226 further established that consumers are entitled to a private remedy against Furnishers for noncompliance with their obligations enforced under § 1681s-2(b).

22.     47 U.S.C. §1527(b)(3) states that "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State."

///

///

## JURISDICTION AND VENUE

23.     This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

24.     Defendants regularly conduct business in the state of California, therefore establishing personal jurisdiction.

25.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and Plaintiff received the illegal phone calls while in San Diego County.

26.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## PARTIES

27.     Plaintiff, RODERICK CAUSEY, is natural person who resides in the State of California, in the City of West Covina, County of Los Angeles.

28.     Defendant ENHANCED RECOVERY COMPANY LLC is a DELAWARE company with its principal place of business located at 8014 Bayberry Road Jacksonville Florida [32256] SEE EXHBIT B

29.     Upon information and belief, Defendants John Does 1 through 10 are legal entities, the names and address of residences of which are unknown.

30.     Each Defendant uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. As part of its business in the regular collection of debts, each and every Defendant furnishes information to consumer reporting agencies.

## FACTS COMMON TO ALL COUNTS

31.     Plaintiff is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code

1785.3(b); and a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

32.    Defendant EHANCED RECOVERY COMPANY LLC is a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2;

33.    Defendant ENHANCED RECOVERY COMPANY LLC is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g).

34.    TRANSUNION, a "consumer reporting agencies" within the meaning of FCRA 15 U.S.C. § 1681a(f), and "consumer credit reporting agencies" within the meaning of the CCRAA California Civil Code §1785.3(d).

35.    Consumer report is defined as "consumer report" within the FCRA 15 U.S.C. §1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

36.    Plaintiff obtained his consumer reports from TRANSUNION, one of the major consumer reporting agencies, in April 2015 his consumer report from all three major consumer reporting agency, and found ENHANCED RECOVERY COMPANY LLC an entities that he has never transacted any business with was reporting a collection account.

37.    Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, ENHANCED RECOVERY COMPANY LLC.

38.    Discovery of Defendant's actions occurred in January 2015 and are within the statute of limitations as defined in the FCRA (15 U.S.C. § 1681p), the CCRAA (California Civil Code 1785.33), the FDCPA (15 U.S.C. § 1692k(d)), and the RFDCPA (California Civil Code 1788.30(f)).

39.    On April, 2015, Plaintiff sent letters to ENHANCED RECOVERY COMPANY LLC, via United States Postal Service Corporation, addressing the unauthorized use of plaintiff credit social security number and conflict of their action as

attorneys to this day no response from defendant attorney they just bring fraud into the court

fool the state judges and help their clients evade taxes, to cheat the US and its citizen.

Insufficient specificity in a pleading the lawyer for the collection company seeks damages

based on a contractual relationship, an agreement or contract there is no fact that I engaged

in purchases that led to that debt the amount of those purchases and what those purchase.

Plaintiff cites failure of consideration whereas no exchange of money or goods occurred

between the defendant and plaintiff therefore, plaintiff cites Failure of Consideration.

40.     The laws in this country do not provide a remedy for a collection company

that knowingly and voluntarily takes on a bad debt and then goes after the alleged debtor in

an attempt to collect that alleged debt. What the law says is that an entity cannot place itself

in harms way and then sue for damages. Thus scienti et volenti non fit injuria "That would

be like you standing in front of a speeding car then suing the driver for damages you put

yourself in harms way, you deserve no damages the collection company brought a debt that

was bad, then want it paid I cite: scienti et volenti non fit injuria .

41.     On May 2015, Plaintiff sent a letter to ENHANCED RECOVERY

COMPANY LLC EXHIBIT C") and disputed the debt and demanded a VALIDATION OF

DEBT, however, defendant never provided a complete validation.

42.     Defendant, ENHANCED RECOVERY COMPANY LLC, failed to

sufficiently validate the alleged debt, failed to provide any verified evidence of an

assignment of an alleged debt, and no original creditor has notified Plaintiff of an

assignment of an alleged debt to Defendant, ENHANCED RECOVERY COMPANY LLC

unclean hands has damaged my GREAT CREDIT. Plaintiff also sent defendant settlement

agreement June 2,2015 SEE EXIHIBIT D

### FIRST CAUSE OF ACTION
**(AS TO DEFENDANT ENHANCED RECOVERY COMPANY LLC)**
**WILLFUL VIOLATION OF THE FCRA 15 U.S.C. §1681n *ET SEQ*,**

43.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

44. Defendant, ENHANCED RDOVERY COMPANY LLC, obtained Plaintiff's Experian consumer report on January, 2015.

45. At no time did Plaintiff give his consent for Defendant, ENHANCED RECOVERY COMPANY LLC, to acquire his consumer report from any consumer-reporting agency.

46. Defendant, ENHANCED RECOVERY COMPANYLLC, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681n by obtaining Plaintiff's TRANSUNION consumer report on January, 2015with no permissible purpose.

47. Defendant, ENHANCED RECOVERY COMPANY LLC, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and ENHANCED RECOVERY COMPANY LLC breached said duty by failing to do so. There was no account that ENHANCED RECOVERY COMPANY LLC had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

## SECOND CAUSE OF ACTION
### (AS TO DEFENDANT ENHANCED RECOVERY COMPANY LLC)
### NEGLIGENT VIOLATION OF THE FCRA 15 U.S.C. §1681o *ET SEQ,*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant, ENHANCED RECOVERY COMPANY LLC, demonstrated negligent noncompliance with the FCRA, 15 U.S.C. § 1681o by obtaining Plaintiff's TRANSUNION consumer report on January, 2015 with no permissible purpose.

50. Defendant, ENHANCED RECOVERY COMPANY LLC, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and ENHANCED RECOVERY COMPANY LLC breached said duty by failing to do so. There was no account that ENHANCEDED RECOVERY COMPANY LLC NOR THERE CLIENT they had no right to collect to have had

9

permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

### THIRD CAUSE OF ACTION
#### (AS TO DEFENDANT ENHANCED RECOVERY COMPANY LLC)
#### VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE §1785 *ET SEQ.*

51.     Defendant, ENHANCED RECOVERY COMPANY LLC, demonstrated willful and/or knowing noncompliance with the CCRAA, California Civil Code 1785.11(a), by obtaining Plaintiff's Experian consumer report in January, 2015 with no permissible purpose.

52.     Defendant, ENHANCED RECOVERY COMPANY LLC, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and ENHANCED RECOVERY COMPANY LLC breached said duty by failing to do so. There was no account that ENHANCED RECOVERY COMPANY LLC had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages.

### FOURTH CAUSE OF ACTION
#### (AS TO DEFENDANT ENHANCED RECOVERY COMPANY LLC)
#### VIOLATION OF THE FDCPA 15 U.S.C. §1692 *ET SEQ,*

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff claims Lack of Privity as Plaintiff has never entered into any contractual or debtor/creditor arrangements with ENHANCED RECOVERY COMPANY LLC" whereas no relationship exists between ENHANCED RECOVERY COMPANY LLC and Plaintiff, and whereas Plaintiff never signed a contract or agreement with ENHANCED RECOVERY COMPANY LLC, Plaintiff cites Lack of Privity. Privity is the legal term for close, mutual, or successive relationship to the same right of property, or power to enforce a promise or warranty. No relationship exists between the collection agency ENHANCED RECOVERY COMPANY LLC (defendant) and Plaintiff. Plaintiff never signed a contract or made an agreement with the collection agency. A

10

collection company cannot any amount of money that is not permitted by law or by agreement. Here is the law: It further states that the debt collector cannot collect any amount of money that is not permitted by law or by agreement because there is no agreement between the collector and the alleged debtor, no collection can be sustained.(Fair Debt Collection Practices Act

54.     ENHANCED RECOVERY COMPANY LLC, violated 15 U.S.C. §1692, by attempting to collect a disputed debt and reporting a disputed debt, Transunion . Defendant failed to remove the false and misrepresented information from Plaintiff's consumer report after receiving the notice of dispute by the Plaintiff.

55.     In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices.  Their violations include at least the following:

      a.     Contacted the Plaintiff directly by false, deceptive, or misleading representation or means in connection with a debt collection, in violation of 15 U.S.C. §1692e

      b.     Threatened to use criminal means to harm the Plaintiff's, reputation, or property, in violation of 15 U.S.C. §1692d(1);

      c.     Falsifying the character, amount and legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A)

      d.     Using false representation and deceptive means to collect or attempt to collect an alleged debt, in violation of 15 U.S.C. §1692e(10);

      e.     Failing to provide notice of debts to Plaintiff, complete with all required disclosures, in violation of 15 U.S.C. § 1692e(11)

      f.     Collecting of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1);

      g.     Failing to provide written notices of Plaintiff's right to verification

and information about their alleged debts, in violation of 15 U.S.C.

§1692g(a)

h.   Continuing collection activity after receiving notice of dispute, and

failed to provide written validation of debt before resuming collection

activities, in violation of 15 U.S.C.§1692g(b).

## FIFTH CAUSE OF ACTION
### (AS TO DEFENDANT ENHANCED RECOVERY COMPANY LLC)
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE 1788 *ET SEQ.*

56.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

57.   Defendants falsely and deceptively misrepresented that Plaintiff had a debt

which constitutes a statutory violation under the *California Civil Code* §1788.17 that states

"...Notwithstanding any other provision of this title, every debt collector collecting or

attempting to collect *a consumer debt shall comply with the provisions of Sections 1692b to

1692j*, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

United States Code." (Emphasis Added)

58.   In committing the acts against Plaintiff as alleged above, Defendants

subjected Plaintiff to unfair debt collection practices. Their violations include at least the

following:

a) Using false representations and deceptive means to collect or attempt to collect

alleged debts, in violation of California Civil Code §1788. 17;

b) Using unfair and/or unconscionable means to collect alleged debts, violation

of California Civil Code §1788. 17;

59. Plaintiff is also entitled to and seeks injunctive relief
prohibiting such conduct in the future

TELEPHONE CONSUMER PROTECTION (TCPA)
Five telephone calls from October 2014 January 2015

12

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant as follows:

   a. Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681n;

   b. Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FCRA 15 U.S.C. § 1681o;

   c. Awarding Plaintiff civil penalties of $2,500 for each and every violation, pursuant to the CCRAA California Civil Code 1785.19(a);

   d. Awarding Plaintiff statutory damages of $1,000 for each and every violation, pursuant to the FDCPA 15 U.S.C. §1692k(a)(2);

   e. Awarding Plaintiff civil penalties of $1000 for each and every violation, pursuant to the RFDCPA *California Civil Code* §1788.30(b);

   f. Awarding Plaintiff statutory damages of $500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3)(B);

   g. Awarding Plaintiff statutory damages of $1,500 for each and every violation, pursuant to the TCPA 47 U.S.C. §227(b)(3);

   h. Awarding Plaintiff actual damages each and every violation, pursuant to the 15 U.S.C. §1692k(a)(1), 15 U.S.C. §1681n(a)(1), 15 U.S.C. §1681o(a)(1), *California Civil Code* §1788.30(c);

   i. Awarding Plaintiff any attorney's fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3), 15 U.S.C. § 1681o(b), and *California Civil Code* §1788.30(c);

   j. Awarding Plaintiff punitive damages to be decided at trial;

   k. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

1

2    l.   Awarding Plaintiff such other and further relief as the Court may deem just and

3         proper.DATED this 1st day of SEPTEMBER 2015.

4         Respectfully submitted,

5

6

7                                                    RODERICK CAUSEY
                                                     Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR
DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR
DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

| E C O A | W H O S E | CREDITOR | DATE REPORTED | DATE OPENED | HIGH CREDIT OR LIMIT | BALANCE | PAST DUE | MO REV | 30 | 60 | 90+ | STATUS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | DLA | ACCT TYPE | TERMS | | | | | | SOURCE |
| B | B | ENHANCRCVRCO 119204296 | 04/15 | 01/15 -/- | $311 COLL | $311 - | $311 | - | - | - | - | COLLECTION TU |

**APPLICANT**

| APPLICANT | CAUSEY, RODERICK | CO-APPLICANT |
|---|---|---|
| SOC SEC # | 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  DOB | SOC SEC #  DOB |
| MARITAL STATUS | | DEPENDENTS |

**COLLECTION ACCOUNTS**

ACCOUNT INFORMATION DISPUTED BY CONSUMER; ORIGINAL CREDITOR: 11 CHARTER COMMUNICATION

**DEROGATORY SUMMARY**

| | | | |
|---|---|---|---|
| CHARGE OFFS: | 0 | 30 DAYS: | 0 | INQUIRIES: | 0 |
| COLLECTIONS: | 1 | 60 DAYS: | 0 | MOST RECENT LATE: undetermined |
| BANKRUPTCY: | 0 | 90 DAYS: | 0 |
| PUBLIC RECORDS: | 0 | OTHER: | 0 |

EQUIFAX/FICO CLASSIC V5 FACTA - RODERICK E CAUSEY - 547473232
SCORE: 745
00023 - NUMBER OF BANK OR NATIONAL REVOLVING ACCOUNTS WITH BALANCES
00011 - AMOUNT OWED ON REVOLVING ACCOUNTS IS TOO HIGH
00010 - PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS
FACTOR: 00000

TRANSUNION/FICO CLASSIC (04) - RODERICK E CAUSEY - 547473232
SCORE: 685
040 - DEROGATORY PUBLIC RECORD OR COLLECTION FILED
020 - LENGTH OF TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION IS TOO SHORT
010 - PROPORTION OF BALANCES TO CREDIT LIMITS IS TOO HIGH ON BANK REVOLVING OR OTHER REVOLVING ACCOUNTS

EXPERIAN/FAIR, ISAAC (VER. 2) - RODERICK E CAUSEY - 547473232
SCORE: 808
12 - LENGTH OF TIME REVOLVING ACCOUNTS HAVE BEEN ESTABLISHED
01 - AMOUNT OWED ON ACCOUNTS IS TOO HIGH
10 - PROPORTION OF BALANCE TO HIGH CREDIT ON BANK REVOLVING OR ALL REVOLVING ACCOUNTS

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR
DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR
DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

Dear, ENHANCED RECOVERY COMPANY LLC

It has come to my attention that there is unfinished business with ENHANCED RECOVERY, has I would like to put this behind me and move on. There are violations that have occurred in the process of your company sending letter to requesting money that I did not owe to your ENHANCED RECOVERY COMPANY LLC nor did you show any contract that exist between Roderick Causey and ENHANCED RECOVERY COMPANY LLC the violations are listed I hope we can negotiate the claims and come to a Conclusion that both sides can respect without any federal law suits. During the course of reviewing my documents and supporting evidence it, has been discovered through this information and evidence, pursuant to Fair Debt Collection Protections Act "FDCPA" on APRIL 28, 2015 I DO NOT OWED YOU MONEY FOR A BAD CHARTER COMMUNICATIONS do CHARTER EVEN SERVICE WEST COVINA not my account ID theft ? Violation see below:

CCRAA 1785

.16(a) A DC should not furnish any information relating to a consumer to any consumer reporting agency if the DC knew or had reasonable cause to believe that the information is inaccurate.

*1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:*

*(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.*

Here it's listed how Rodrick Causey is entitled to damages pursuant to the aforementioned statute.

A complaint and notice of intent to sue is being drafted and will be mailed to you through certified mail and you should receive it shortly.

I have not filed the complaint as of yet, but that is my Intention to move forward if a settlement agreement cannot be reached. My position as a claim Specialist, is to stop any further incurred costs on either side, or the distasteful litigation in Federal court; therefore, come to an amicable agreement by both parties to close out the account. I deny the existence of any relationship/debt with your company or the alleged Debt collector. I'm willing to subpoena any witnesses from the alleged original creditor to the extent but not limited to the person to prove on the record the mailing and proof of service signed and mailed to Rodrick Causey

Since there is no validation of the debt that is a violation of the FDCPA pursuant to 1692(c).  Below are the violation details:

Under the FDCPA, 15 U.S.C., Section 1692 et seq. the violation awards statutory damages in the amount of $1,000 per violation 1

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT California Civil Code 1788 et seq. violations in the amount of $1000- violation 1

FCRA You or your Client never produced any contract that binds the two parties.

TCPA Phone call made from your office on Fri. Oct 3, 2014 @ 3:45 pm PST

CCRAA reporting that I have not paid a debt without contacting the furnisher to verified all the information about to be true and correct... 2500- 5000

**The Dodd-Frank Act the FDCPA and the Dodd-Frank Act together prohibit covered person or services providers, including debt collectors, from engaging in deception while collecting or attempting to collect debts. (How much do I owe ENHANCED RECOVERY COMPANY LLC again? Where is the contract?)**

Social Security Act of 1933 (you are not my employer, how did you get all my personal Information I did not give it you?

Title 42 United States Code § 1983

Title 18 United States Code §241 and 242

UCC § 1-108 Compelled Benefit

ABA –RPC

Immigration and Nationality Act Sec 349[8 U.S.C. A person who is a national of the United States where by birth or naturalization, shall lose his nationality by voluntarily performing any of the following act with the intention of relinquishing United State nationality _

(1)    Obtaining naturalization in a foreign state upon his own application or upon an application filed by duly authorized agent, after having attained the age of eighteen years or-
(2)    Taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or political subdivision. (Public Law 99-668 Nov 14, 1988. Unregistered Foreign Agents running around without Green Cards and who have sworn allegiance to a foreign power.

**"It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made the false representations, even innocently, to retain the fruits of a bargain induced by such representations" [Whipp v. Iverson 43 Wis 2d 166]**

**Title 18 U.S.C. § 474 Whoever, with intent to defraud, makes, executes, acquires, scan, captures, records, receives, transmits, reproduces, sells, or has, in such person's control, custody, or possession, an analog, digital, or electronic, image of any obligation or other security of the United States is Guilty of a class B felony.**

**I seem to remember about activities like this in 18 U.S.C. §§ 1001, 1341, 1343 where it is called a scheme or artifice to defraud, which is defined at 18 U.S.C. § 1324 and 1346 and as the U.S. Attorney Manual says: RICO applies to everybody.**

I seem to remember telephone and the mail being used to facilitate and carry this fraud into Completion see: 18 U.S.C. SS 1961, 1962, 1963, 1964, 1965, 1966.

**It is also the stated duty of all Judges and Attorneys to report such conduct to the appropriate authorities and cause investigation of such conduct see: ABA RPC rules 8.3, 8.4 and Accompanying Ethics Rules, see: Judicial Canons and Accompanying Ethics Rules. Attorneys are nothing less than "foreign agents" there is no such thing as an attorney license to practice law The United State Supreme Court stated a long time ago that the practice of law cannot be licensed by any state/State. Sims v Ahern and Schware v Board of Examiners. (Never over turned)**

Administrative costs- $1000

There is numerous of violation totaling $7,500- 20,000 My I'm willing to settle this matter and not file the complaint if your client agrees to stop the alleged trade line ENHANCE RECOVERY COMPANT LLC from all three credit agency's EF TU EX on RODERICK CAUSY (see attached) if I'm forced to file the complaint in federal court, this offer will no longer be valid. Additionally, your choosing to litigate this matter will result in your client incurring more costs.

In closing, this is an "offer in compromise" and settlement of these violations as based upon public policy pursuant to Federal Rules of Evidence (FRE) Rule 408. Please feel free to contact me via email or phone to finalize negotiation of this settlement offer prior to the filing of the complaint provided to you in the signature of this email.  I appreciate your speedy response. Thank you.

Respectfully,

Roderick Causey Sr.

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

3126 E. Merry Grove St.
West Covina  California, 91792

Tel: 714-308-3954

This account is not mines

COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, FAIR
DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

7012 1010 0000 7904 6549

## COVENANT NOT TO SUE, RELEASE AND
## SETTLEMENT AGREEMENT

This Settlement Agreement and General Release ("Agreement") is entered into on the undersigned date by Roderick Causey (Hereinafter "Consumer"), and Enhanced Recovery Company LLC (hereinafter "Enhanced Recovery company LLC").

WHEREAS, Consumer has alleged that Enhanced Recovery Company LLC has violated the Fair Credit Reporting Act ("FCRA"), Consumer Credit Reporting Agencies Act ("CCRAA"); Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Telephone Consumer Protection Act ("TCPA") (" Mail Fraud") (Privacy Act of 1974) violations, Libel and Slander

WHEREAS, the parties desire to avoid incurring further costs and expenses related to said alleged violations and seek to resolve all actions brought and alleged, or which could be brought or alleged, in connection with said alleged violations;

WHEREAS, Enhanced Recovery Company LLC will compensate to Consumer the sum of Twenty Thousand, and 00/100 Dollars ($20,00.00), in consideration as and as settlement, after execution of this Agreement.

NOW, THEREFORE, in consideration of the above-recited agreements, and consumer's full release of any and all claims stated above, consumer agrees to the following:

1.       SETTLEMENT.  Consumer herein agrees, for himself, to irrevocably refrain from making any claim or demand, or to commence, cause or permit to be prosecuted any action in law or equity against Enhanced Recovery Company LLC and its directors, officers, employees, successors, assigns, and attorneys, on account of any claim, injury, misrepresentation, breach of contract, alleged ("FCRA") ("CCRAA") ("RFDCPA") ("TCPA") ("Mail Fraud") ("Privacy Act of 1974") violations, Libel, Slander or other damages, real or imaginary, known or unknown, which Consumer ever had, has had, or which may hereafter arise, in connection with said alleged violations as relating solely to the account of Roderick Causey.. This agreement does not intend to limit future claims by Consumer against Enhanced Recovery Company LLC and its directors, officers, employees, successors, assigns, and attorneys, for future acts by Enhanced Recovery Company LLC that may be taken on any other account held by Consumer, not related to the account that is the subject of this agreement relating to the alleged account of Roderick Causey..."

2.       DEFENSE TO ANY ACTION.  Consumer expressly agrees that this Settlement Agreement and General Release may be treated as a complete bar on consumer's behalf to any action or proceeding that may be brought, instituted or taken by Consumer, or on his behalf, against Enhanced Recovery Company LLC, its directors, officers, employees, successors, assigns, and attorneys, shall forever be a complete bar to the commencement or prosecution of

Initials _____                                                                                                              Page 1

7012 1010 0000 7904 6549

any action or proceeding in connection with the alleged violations against Enhanced Recovery Company LLC, and its directors, officers, employees, successors, assigns, and attorneys, regarding the alleged account.

3.      RELEASE.  As to the June 19, 2014 credit inquiry, Consumer hereby releases, remises and forever discharges Enhanced Recovery Company LLC, its directors, officers, employees, agents, successors, assigns, and attorneys, from any and all actions, suits, payments, damages, claims and demands of whatsoever kind, at law or equity, which Consumer ever had, has or which may hereafter arise, or by reason of any other cause, matter or thing whatsoever arising in connection with the alleged violations.

4.      PAYMENT.  Enhanced Recovery Company LLC shall compensate Consumer the sum of Twenty Thousand Five Hundred and 00/100 Dollars ($20,000.00) as consideration of any and all claims Consumer has or may have and shall be payable to consumer, Roderick Causey. Upon executing the agreement, Enhanced Recovery Company shall forward by overnight mail the payment to Attn: Roderick Causey c/o 3126 E. Marry Grove St. West Covina California 91792, within ten business days of receipt of this Settlement Agreement.

5.      IN FURTHER CONSIDERATION of the foregoing, Consumer agrees that all matters relating to this settlement of claims, and specifically including without limiting the general nature of the foregoing the fact of settlement and all amounts paid hereunder, shall be kept strictly confidential and shall not be disclosed to any third-party, except for Consumer's attorneys and accountants, Enhanced Recovery Company LLC, and its company's attorneys and accountants, and for insurance purposes, or except as otherwise required by law, upon order of Court. Consumer and Enhanced Recovery Company LLC agree that any breach of the provisions of this paragraph shall constitute a material breach of this agreement.

6.      ACCOUNT.  Consumer understands that Enhance Recovery Company LLC does not own the subject account no debt was ever owed to Enhance Recovery Company LLC as referenced herein by the credit inquiry, reporting payment history balances to Transunion CRA was all done in error by Enhanced Recovery Company LLC, Roderick Causey never had any contract with Charter Communications I don't pay nothing later or let any account go into collections with Enhanced Recovery Company LLC your collection efforts were all in error  I was not in default nor was I in collection on the subject account this error along with the negative item put on my credit report happen by error. Enhanced Recovery Company LLC caused the stress and embarrassment of having a collection reported to the credit reporting agencies (300 +) it cost me dearly reporting this error. There were (FCRA) (RFDCPA) (CCRAA)("TCPA") ("Mail FRAUD") Libel and Slander violations every month from 01/15 until Enhanced Recovery Company LLC made the accountant corrections but they still breached the contract and breached the peace violation of (FDCPA) sec 1692(b)

7.      SETTLEMENT NOT TO BE CONSTRUED AS AN ADMISSION.  Consumer understands that Enhanced Recovery Company LLC admits no liability of any sort, and that

Initials _____                                                                                    Page 2

7012 1010 0000 7904 6549

payment of the sum herein described is made to terminate further controversy respecting all claims that Consumer has heretofore asserted, or that might hereafter be asserted, against Enhanced Recovery Company LLC, its directors, officers, agents, attorneys, and employees.

8.     FULL AND FINAL SETTLEMENT.   Consumer hereby acknowledges that he fully understand the terms of this Settlement Agreement and General Release, that this document is a complete integration of the terms of the settlement, and that he has entered into this Agreement with the intention that it be a full and final communication and settlement of all claims by Consumer against Enhanced Recovery Company LLC, and its directors, officers, employees, attorneys, and Agents.

9.     COPIES.   A fax or scan copy of the Agreement shall be treated as an original.

_____
Date

_____
Roderick Causey.

_____
Name:
Title:
Enhanced Recovery Company LLC Officer

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Enhanced Recovery
Company LLC
8014 Bayberry Road
Jacksonville Fl, 32256

2. Article Number
*(Transfer from service label)*
7012 1010 0000 7904 6549

PS Form 3811, July 2013    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 JUN 02 2015

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail®        ☐ Priority Mail Express™
☐ Registered             ☐ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

*Roderick Causey*

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

*ENHanced Recovery Company LLC*

**(b)** County of Residence of First Listed Plaintiff *Los Angeles*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ *40,000*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*Willful Violation of Fair Credit Reporting Act) FDPA and others*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☒ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**   Case Number: **CV15-06687**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☒ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   *Roderick Caraway*          DATE:  9-1-15

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |